Leonard Steiner (Bar No. 135272)
STEINER & LIBO, Professional Corporation
11845 W. Olympic Blvd., Suite 910W
Los Angeles, CA 90064
Tel.: (310) 273-7778
Fax: (310) 273-7679
Email: ls@steinerlibo.com

Attorneys for Defendant Fu-Shen Chang

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW POLSKY, derivatively on behalf of MCAP HOLDINGS, LLC, a Delaware Limited Liability Company (nominal defendant)<br><br>Plaintiff<br><br>v.<br><br>MCAP HOLDINGS, LLC, a Delaware Limited Liability Company (nominal defendant); FU-SHEN CHANG, an individual; and DOES 1 through 25<br><br>Defendants | **Case No. 8:23-cv-00225-JWH-ADS**<br><br>**NOTICE OF MOTION AND MOTION PURSUANT TO 28 U.S.C. § 1447(c) TO REMAND ACTION TO THE ORANGE COUNTY SUPERIOR COURT**<br><br>Date: April 4, 2025<br>Time: 9:00 a. m.<br>Courtroom: 9D |

PLEASE TAKE NOTICE that on April 4, 2025, at 9:00 a.m., defendant Fu-Shen Chang ("defendant Chang") will move the Court pursuant to 28 U.S.C. § 1447(c) to remand this action to the Orange County Superior Court because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship).

This motion is based upon this notice, the pleadings on file in this action, and the following memorandum of law.

**MOTION TO REMAND ACTION**

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place both by telephone and email commencing on March 4, 2025, and continuing through March 6, 2025.

Dated: March 7, 2025

STEINER & LIBO,
Professional Corporation

By: s/ Leonard Steiner
_____
Leonard Steiner
Attorneys for Defendant
Fu-Shen Chang

## MEMORANDUM OF LAW

### RELEVANT FACTS

Defendant Fu-Shen Chang ("Chang") brings this motion pursuant to 28 U.S.C. § 1447(c) to remand this action to the Orange County Superior Court because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship).

On October 18, 2022, plaintiff commenced this action by the filing of his complaint in the Superior Court of California for Orange County, Case No. 30-2022-01287078-CU-NP-CJC. On February 6, 2023, defendant Chang, through his then counsel at the time, filed a Notice of Removal by which this action was removed to this Court "based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446." See Notice of Removal (Document 1, at page1, lines 19-20).

A conformed copy of the state court complaint is attached as Exhibit 1 to the Notice of Removal (Document 1). As can be seen, plaintiff brought the action "derivatively on behalf of MCAP Holdings, LLC," and all four causes of action in the complaint were derivative claims brought under state law.

In paragraph 1 of his complaint, plaintiff alleged that he is a "resident of the County of Orange, State of California, and is suing in his representative capacity on the derivative claims." In paragraph 2 of his complaint, plaintiff alleged that defendant Chang is "a resident of the County of Nassau, State of New York." As to MCAP Holdings, LLC ("MCAP"), plaintiff alleges in paragraph 3 that it is "a Delaware limited liability company with its principal place of business at 600 W. Santa Ana Blvd., Suite 114A, Santa Ana, California 92701." In paragraph 10 of his complaint, plaintiff further alleges that he and defendant Chang are the members of MCAP. See also paragraphs 1, 2, 3, and 10 of plaintiff's second amended complaint filed November 24, 2024 (Document 102).

### THIS COURT LACKS SUBJECT MATTER JURISDICTION

Pursuant to 28 U.S.C. §§ 1332(a)(1), for diversity of citizenship to exist "each

defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (hereafter "*Digimarc*"). Under long standing 9th Circuit law, for diversity of citizenship jurisdiction purposes a limited liability company, such as MCAP, is a citizen of each state in which each member is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006); *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078 (C.D. CA 2015). Because plaintiff, a California citizen, and defendant Chang, a New York citizen, are the members of MCAP, for diversity of citizenship jurisdiction purposes MCAP is a citizen of both California and New York.

Although MCAP is identified in paragraph 3 of the complaint and in the caption and paragraph 3 of the second amended complaint as a "nominal defendant," for diversity of citizenship jurisdiction purposes it is considered the real party in interest in a derivative action. See *Digimarc, supra*, 549 F.3d at 1234 ("[b]ecause a derivative lawsuit brought by a shareholder is 'not his own but the corporation's,' the corporation 'is the real party in interest' ").

In *Digimarc*, the issue before the 9th Circuit was whether, for diversity of citizenship jurisdiction purposes, the corporation in that shareholder derivative action should have been aligned as a plaintiff or a defendant. Specifically, in that case the 9th Circuit summarized the issue at page 1234 as follows:

> Diaz [plaintiff] argues that subject matter jurisdiction over the remaining state law claims may be maintained on diversity grounds because the district court's decision to realign Digimarc Corporation as a plaintiff (thereby destroying diversity jurisdiction) was error. We review the district court's legal conclusions de novo, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979 (9th Cir. 2005), and its factual determinations "necessary to establish diversity jurisdiction" for clear error. *Kroske*, 432 F.3d at 979. *Cf. Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 872-73 (9th Cir. 2000) ("The

issue of alignment for purposes of diversity jurisdiction requires a court to look beyond the pleadings to the actual interest of the parties.").

The 9th Circuit continued on page 1234, stating as follows:

> Because a derivative lawsuit brought by a shareholder is "not his own but the corporation's," the corporation "is the real party in interest" and usually properly aligned as a plaintiff. *Koster v. Lumbermens Mut. Cos. Co.*, 330 U.S. 518, 522-23, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). There is an exception, however, when a corporation's officers or directors are "antagonistic" to the interests of the shareholder plaintiff(s). *Smith v. Sperling*, 354 U.S. 91, 95–96n. 3, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) (citing *Doctor v. Harrington*, 196 U.S. 579, 587, 25 S.Ct. 355, 49 L.Ed. 606 (1905).

The 9th Circuit in *Digimarc* went on to reverse the district court's determination that the corporation should be aligned as a plaintiff, based upon which it had dismissed the state law claims for lack of diversity of citizenship jurisdiction. Instead, the 9th Circuit concluded that from the allegations of the complaint and other factors it appeared that the corporation was antagonistic to the interests of the derivative shareholders at the time of the filing of the complaint, and thus there was diversity of citizenship jurisdiction. *Id.* at 1237-38.

In our case, plaintiff in his complaint (and second amended complaint) decided to align MCAP as a defendant. This Court, however, for diversity of citizenship jurisdiction must determine on its own whether MCAP should be aligned as a plaintiff or a defendant. *Id.* at 1234 ("diversity jurisdiction 'cannot be conferred upon the federal court by the parties' own determination of who are plaintiffs and who are defendants' "). But whether MCAP is aligned as a plaintiff or defendant makes not a bit of difference to the determination as to whether there is diversity of citizenship jurisdiction. As noted, plaintiff is a California citizen, defendant Chang is a New York citizen, and MCAP is

a citizen of both California and New York. Thus, whether MCAP is aligned as a plaintiff or a defendant, there is still no diversity of citizenship jurisdiction.

## CONCLUSION

By reason of the foregoing, defendant Chang's motion to remand this action to the Orange County Superior Court should be granted.

Dated: March 7, 2025

STEINER & LIBO,
Professional Corporation

By: s/ Leonard Steiner
_____
Leonard Steiner
Attorneys for Defendant
Fu-Shen Chang

# **PROOF OF SERVICE**

I, the undersigned, say: I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 11845 W. Olympic Blvd., Suite 910W, Los Angeles, CA 90064.

On the date subscribed below, I served the foregoing document on all parties and counsel of record as follows:

[X]   (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the CENTRAL District of California.

I declare that I am a member of the bar of this court.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on March 7, 2025, in Los Angeles County, California.

s/ Leonard Steiner

Leonard Steiner